**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

**BRAIDS CONNEXION LLC**
6106 Edmondson Ave, Unit 102
Catonsville MD 21208

**VANESSA OTILY ALEGE OLOMA**
2207 Lake Forest Dr
Upper Marlboro, MD 20774

**Braids Collection, LLC;**
5500 Gwynn Oak Ave, Ste 4
Baltimore MD 21207

Plaintiffs,

v.

Case No.

**RGMF LLC d/b/a "Braids Collection"**
957 East West Hwy, Apt 19
Takoma Park, MD 20912

Serve Registered Agent:
Roosevelt Gompe Miam
957 East West Hwy, Apt 19
Takoma Park, MD 20912

and

**ROOSEVELT GOMPE MIAM**
957 East West Hwy, Apt 19
Takoma Park, MD 20912

Defendants.

---

## COMPLAINT

Plaintiffs Braids Connexion LLC, and Vanessa Otily Alege Oloma, and Braids Collection, LLC (collectively, "Plaintiffs"), by and through their attorney, Lucrecia P. Johnson and LPJ Legal PLLC, hereby file this Complaint against Defendants RGMF LLC d/b/a "Braids Collection" and

Roosevelt Gompe Miam (collectively, "Defendants"), and allege, on knowledge as to their own actions, and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. This action arises from Defendants RGMF LLC d/b/a "Braids Collection" and Roosevelt Gompe Miam's unauthorized use of the name and mark "Braids Collection" to market, advertise, promote, offer, and sell competing hair braiding services. Plaintiffs assert claims for infringement of Plaintiff Vanessa Oloma's federally registered **braids connexion** service mark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and related Maryland common law claims.

2. Plaintiff seeks injunctive and monetary relief.

## PARTIES

3. Plaintiff Braids Connexion LLC is a limited liability company formed under the laws of Maryland and does business in several cities in Maryland. Plaintiff operates a beauty salon business, and it buys and sells hair and accessories.

4. Plaintiff Vanessa Otily Alege Oloma (Ms. Oloma) is an individual who resides in Upper Marlboro, Maryland. Plaintiff is a citizen of Maryland. Plaintiff is a registered owner of the work mark, **braids connexion,** serial number 99251462, Registration number 8340964.

5. Plaintiff, Braids Collection, LLC, is a Maryland limited liability company.

6. Defendant RGMF LLC is a limited liability company formed under the laws of Maryland and does business in Maryland. Upon information and belief, RGMF LLC is not in good standing. RGMF owns, operates, markets, advertises, and/or promotes a hair braiding salon located at 6031 Liberty Road, Baltimore, Maryland 21207, using the trade name "Braids Collection."

7. Braids Collection, LLC is separate and distinct from Defendant RGMF LLC, which is a business under the name "Braids Collection" without authorization.

8. Defendant Roosevelt Gompe Miam is the owner, principal, registered agent, and/or operator of Defendant RGMF LLC and is responsible for RGMF LLC's use of the trade name "Braids Collection."

## JURISDICTION AND VENUE

9. This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

10. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Defendant resides in this district; 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district; and 28 U.S.C. § 1391(b)(3), in that Defendant is subject to personal jurisdiction in this district with respect to this action.

## FACTUAL ALLEGATIONS

### A. Plaintiff and its braids connexion Mark

11. Plaintiff, Braids Connexion LLC, operates a hair braiding salon in the following cities in Maryland: Gwynn Oak, Hyattsville, College Park, Essex, Glen Burnie, and Bowie.

12. The Gwynn Oak location is located at 5500 Gwynn Oak Ave, #4, Gwynn Oak, Maryland.

13. Information about Braids Connexion LLC and its services is available online at braidsconnexion.com.

14. Plaintiff Vanessa Oloma is the owner of Braids Connexion LLC.

15. Plaintiff, Vanessa Oloma, is also the owner of valid and subsisting United States Service Mark Registration No. 8340964 on the Principal Register in the United States Patent and Trademark Office for the service mark **braids connexion** (hereinafter "**braids connexion** Mark") for hair braiding services. Attached as *Exhibit A* is a true and correct copy of the registration certificate for Plaintiff's United States Service Mark Registration No. 8340964, which was issued by the United States Patent and Trademark Office on July 14, 2026.

16. Plaintiff has used the **braids connexion** Mark in commerce throughout the Maryland, Virginia, and District of Columbia ("DMV") area continuously since February 1, 2014, in connection with the sale, marketing, advertising, and promotion of hair braiding services. Attached hereto as *Exhibit B* are photographs showing Plaintiff's use of the **braids connexion** Mark in connection with these services.

17. Plaintiff offers hair braiding services to consumers seeking professional hair braiding, protective hairstyles, natural hair styling, and related beauty services in Maryland

18. Through its continuous, widespread, and exclusive use of the **braids connexion** Mark to identify its hair braiding services and their source, Plaintiff has acquired valid federal statutory and common law rights in the mark.

19. Plaintiff's **braids connexion** Mark is distinctive to both the consuming public and Plaintiff's trade.

20. Plaintiff offers and sells its hair braiding services under its **braids connexion** Mark to customers in the DMV area.

21. The hair braiding services Plaintiff offers under the **braids connexion** Mark are high-quality hair braiding services.

22. Plaintiff has devoted substantial time, money, and resources to marketing, advertising, and promoting its hair braiding services offered under the **braids connexion** Mark, including through Instagram, Facebook, braidsconnexion.com, and other local advertising channels.

23. During the period from 2014 to 2026, Plaintiff has expended in excess of 200,000 US Dollars ($200,000.00) on the marketing, advertising, and promotion of the hair braiding services sold under the **braids connexion** Mark.

24. In the past year alone, Plaintiffs have spent nearly $90,000 on marketing.

25. As a result of Plaintiff's expenditures and efforts, the **braids connexion** Mark has come to signify the high quality of the hair braiding services designated by **braids connexion** Mark, and has acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

26. Plaintiff's **braids connexion** Mark and the SERVICES offered thereunder have received significant unsolicited coverage in various media, including through various TikTok videos.

### B. <u>Defendant's Unlawful Activities</u>

27. Defendants RGMF LLC d/b/a "Braids Collection" and Roosevelt Gompe Miam are also engaged in hair braiding services.

28. Several months before Defendants opened their competing salon "Braids Collection", Alain Pentchepe, acting on behalf of Braids Connexion LLC, engaged Defendant Roosevelt Gompe Miam as an independent contractor to perform repair and maintenance work across Plaintiff's multiple salon locations.

29. Defendant Miam was compensated in full for all services rendered.

30. In April and May 2026, the **braids connexion®** location in Gwynn Oak temporarily closed down for renovations.

31. Because of the relationship between Plaintiff Oloma and Defendant Miam, Plaintiff informed Defendant Miam that they were selling the old salon equipment used in the Gwyn Oak location before the renovation started.

32. Defendant Miam purchased salon furniture and equipment from Braids Connexion LLC, claiming that he intended to export the items to Cameroon.

33. Defendant Miam used the equipment he purchased from Braids Connexion and, through RGMF LLC, began operating a competing hair-braiding salon near Plaintiffs' Gwynn Oak location under the name "Braids Collection."

34. Defendants' salon is located at 5500 Gwynn Oak Ave, which is approximately one mile from the Braids Connexion Gwynn Oak address.

35. The "Braids Collection" store is set up in a substantially similar manner as the Gwynn Oaks **braids connexion®,** prior to the renovation.

36. Defendants use the Braids Collection name without authorization from Plaintiffs in commerce and in connection with competing hair braiding services.

37. The Infringing Mark adopted and used by Defendant is identical to and confusingly similar to Plaintiff's **braids connexion** Mark. The marks are phonetically similar. Both marks use the dominant word "Braids," pair it with a similar second term with a similar phonetic sound, and are used in connection with hair braiding services, in the same geographic location, creating a similar commercial impression likely to confuse consumers.

38. Defendants have been engaged in the advertising, promotion, offering for sale, and sale of hair braiding services using the Infringing Mark in Maryland. Attached hereto as *Exhibit C* are true and correct photographic depictions showing Defendants' use of the Infringing Mark.

39. The hair braiding services Defendants have marketed, advertised, promoted, offered for sale, and sold under the Infringing Mark are substantially related to and directly competitive with Plaintiff Braids Connexion LLC's services because both businesses offer hair braiding and related salon services to the same class of consumers in the same geographic market, including customers seeking professional braiding services in Maryland.

40. Defendants marketed, advertised, promoted, offered for sale, and sold their hair braiding services under the Infringing Mark through trade channels that overlap with and are substantially similar to Plaintiff Braids Connexion LLC's trade channels, including social media platforms such as Instagram, TikTok, and Facebook, online business listings, local advertising forums, community-based advertising, and word-of-mouth referrals directed to consumers seeking hair braiding and related salon services in Maryland.

41. Defendants RGMF LLC d/b/a "Braids Collection" and Roosevelt Gompe Miam have used the name "Braids Collection" to intentionally misrepresent Defendants' business as being affiliated with, sponsored by, approved by, or an extension of Braids Connexion LLC, Vanessa Oloma, and/or Plaintiff Braids Collection, LLC.

42. Defendants have engaged in deceptive advertising using Plaintiffs' protected marks and business names across public forums, including the DMV hair braiding forums and Facebook groups, thereby increasing the likelihood that consumers will mistakenly believe Defendants' salon is affiliated with or authorized by Plaintiffs.

43. Plaintiffs have also received reports from clients that Braids Collection represents itself as a new **braids connexion®** location and claims that the salon was relocated because of the renovation.

44. On one occasion a staff member of the undersigned law firm called Braids Collection and asked whether the business was **braids connexion®**; the person who answered said yes and provided the address for Braids Collection instead of braids **connexion®**.

45. Defendants have also actively solicited Plaintiff Braids Connexion LLC's existing workforce by contacting Braids Connexion braiders and attempting to induce them to breach or abandon their employment or contractor arrangements with Braids Connexion LLC and join Defendants' competing salon operating as "Braids Collection."

46. On July 29, 2026, Vanessa Olomo sent a cease-and-desist letter to Defendants via text messaging objecting to Defendants' use of the Infringing Mark. Attached hereto as *Exhibit D* is a true and correct copy of Plaintiff's July 29, 2026, cease and desist letter to Defendant.

47. Defendant Roosevelt Gompe Miam, acting individually and on behalf of RGMF, responded to Plaintiff's cease and desist letter and stated that he would not comply with the demands set out in the letter.

48. Defendants further instructed Plaintiff to stop contacting Roosevelt Gompe Miam regarding the matter.

49. Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Defendants' hair braiding services and have caused and are likely to cause the relevant consuming public to believe, mistakenly, that Defendants' hair braiding services originate from, are associated or affiliated with, or are otherwise authorized by Plaintiffs.

50. Defendants' infringing actions as alleged herein have resulted in actual confusion as evidenced by instances in which clients who intended to book services with Braids Connexion instead contacted or went to Braids Collection because Defendants operate under the confusingly similar Infringing Mark and are located within close proximity to Plaintiff Braids Connexion LLC's salon location, or simply misinformed consumers by stating that they are **braids connexion**.

51. Plaintiffs have seen a significant reduction in sales since Defendants began their operations.

52. Defendants' actions are willful and undertaken with the deliberate intent to trade on the goodwill of Plaintiffs' marks and business names, cause confusion and deception in the marketplace, and divert potential sales of Plaintiffs' hair braiding services to Defendants.

53. Defendants' actions are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiffs and to Plaintiffs' valuable reputation and goodwill with the consuming public for which Plaintiffs have no adequate remedy at law.

**COUNT I**

**Federal Service Mark Infringement**
***Vanessa Oloma v. RGMF LLC d/b/a "Braids Collection" and Roosevelt Gompe Miam***

54. Plaintiff Vanessa Oloma repeats the preceding paragraphs as if fully set forth herein.

55. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' hair braiding services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by Plaintiff Vanessa Oloma and her business Braids Connexion, LLC, or that Defendants are in some way affiliated with or sponsored by

Plaintiff Vanessa Oloma and her business Braids Connexion, LLC. Defendants' conduct therefore constitutes service mark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

56. Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff Vanessa Oloma's prior rights in the **braids connexion** Mark and with the willful intent to cause confusion and trade on the goodwill associated with that mark.

57. Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff Vanessa Oloma, including harm to the value, goodwill, and reputation of the registered **braids connexion** Mark, and will continue to damage Plaintiff Vanessa Oloma and confuse the public unless enjoined by this Court.

58. Plaintiff Vanessa Oloma has no adequate remedy at law.

59. Plaintiff Vanessa Oloma is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT II

### False Association and False Advertising under Section 43(a)
***Braids Connexion LLC, Vanessa Oloma, and Braids Collection, LLC v. RGMF LLC d/b/a "Braids Collection" and Roosevelt Gompe Miam***

60. Plaintiffs repeat and reallege the preceding paragraph as if fully set forth herein.

61. § 43(a) sets forth unfair competition causes of action for false association and false advertising:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false

> designation of origin, false or misleading description of fact, or false or misleading representation of fact, which --
> (A) [False Association:] [**12] is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> (B) [False Advertising:] in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

*Belmora Ltd. Liab. Co. v. Bayer Consumer Care AG*, 819 F.3d 697, 706 (4th Cir. 2016) (quoting Lanham Act § 43(a)(1), 15 U.S.C. § 1125(a)(1))

62. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein has deceived consumers as to the origin, source, sponsorship, or affiliation of Defendants' hair braiding services, and has caused consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by Plaintiffs, or that Defendants are affiliated with or sponsored by Plaintiffs.

63. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

64. Defendants' misrepresentation to Consumers that Braids Collection is the new **braids connexion** location has deceived consumers about the nature, characteristics, and origin of their services and commercial activities.

65. Defendants' conduct as alleged herein is willful and is intended to and has caused confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

66. Defendants' conduct as alleged herein constitutes a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

67. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiffs, and to the goodwill and reputation of Braids Connexion LLC and the **braids connexion** Mark, and will continue to damage Plaintiffs and confuse the public unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

68. Plaintiffs are entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT III

### Maryland Common Law Trademark Infringement
***Braids Connexion LLC, Vanessa Oloma, and Braids Collection, LLC v. RGMF LLC d/b/a "Braids Collection" and Roosevelt Gompe Miam***

69. Plaintiffs repeat and reallege the preceding paragraphs as if fully set forth herein.

70. "Infringement of a trademark consists of unauthorized use or colorable imitation of a mark already appropriated by another on goods of a similar class." *Mid S. Bldg. Supply of Md., Inc. v. Guardian Door & Window, Inc*., 156 Md. App. 445, 456 (2004).

71. To state a claim for trademark infringement in Maryland, a plaintiff must show:

> (1) that it possesses a mark; (2) that the defendant used the mark without the registrant's consent; (3) that the defendant's use of the mark occurred in commerce; (4) that the defendant used the mark in connection with the sale, offering for sale, distribution, or advertising of goods or services; and (5) that the defendant used the mark in a manner likely to cause confusion or to cause mistake or to deceive

*Id.* at 460.

72. Plaintiff Vanessa Oloma owns the federally registered **braids connexion** Mark.

73. Plaintiff Braids Connexion LLC has used the **braids connexion** Mark in commerce in connection with its hair braiding services and has developed substantial goodwill in the mark in Maryland and the surrounding DMV area.

74. Plaintiff Braids Collection, LLC has protectable rights in its Maryland business name "Braids Collection, LLC."

75. Defendant used the mark "braids collection," which is confusingly similar to "braids connexion" and the same as the registered entity "braids collection" without Plaintiff's consent.

76. Defendants' unauthorized use of the confusingly similar Infringing Mark in connection with competing hair braiding services is likely to cause confusion, mistake, or deception among consumers and constitutes common law trademark infringement under Maryland law.

77. Defendants' use of the mark occurred in commerce in connection with the sale, offering of sale, or advertising of goods and services.

78. Defendants used the mark in a manner likely to cause confusion, mistake or deceit.

79. An appreciable number of ordinarily prudent purchasers are likely to be , and have been, misled or simply confused as to the source of Defendant's hair braiding services.

80. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered and will continue to suffer damages, loss of goodwill, reputational harm, and irreparable injury unless Defendants are enjoined.

## COUNT IV

**Maryland Common Law Unfair Competition**
***Braids Connexion LLC and Braids Collection, LLC v. RGMF LLC d/b/a "Braids Collection" and Roosevelt Gompe Miam***

81. Plaintiffs repeat and reallege the preceding paragraphs as if fully set forth herein.

82. Defendants adopted and used the Infringing Mark in connection with competing hair braiding services, operated in close physical proximity to one of Plaintiff Braids Connexion LLC's established salon locations, and marketed their services through overlapping trade channels.

83. Defendants' conduct, including the use of a confusingly similar name and alleged misrepresentations of affiliation with Braids Connexion LLC and Braids Collection, LLC, constitutes unfair competition under Maryland common law because it is likely to confuse consumers and improperly divert business, goodwill, and customer relationships from Plaintiffs Braids Connexion LLC and Braids Collection, LLC.

84. As a direct and proximate result of Defendants' unfair competition, Plaintiffs Braids Connexion LLC and Braids Collection, LLC have suffered and will continue to suffer damages, loss of goodwill, reputational harm, and irreparable injury unless Defendants are enjoined.

## COUNT V

**Tortious Interference with Contractual Relations**
***Braids Connexion LLC v. RGMF LLC d/b/a "Braids Collection" and Roosevelt Gompe Miam***

85. Plaintiffs repeat and reallege the preceding paragraphs as if fully set forth herein.

86. Plaintiff Braids Connexion LLC had valid employment, contractor, or business arrangements with braiders who performed services for Plaintiff's salon business.

87. Defendants knew of those employment, contractor, or business arrangements and intentionally contacted Braids Connexion braiders to induce them to breach, abandon, or otherwise interfere with their arrangements with Plaintiff Braids Connexion LLC and join Defendants' competing salon.

88. Defendants' intentional interference was wrongful, malicious, and undertaken for the purpose of disrupting Plaintiff Braids Connexion LLC's business operations and diverting its workforce and customers to Defendants' competing salon.

89. As a direct and proximate result of Defendants' conduct, Plaintiff Braids Connexion LLC has suffered damages, including disruption to its business relationships, loss of workforce stability, lost business opportunities, and harm to goodwill.

## COUNT VI

### Tortious Interference with Prospective Economic Relationships
***Braids Connexion LLC v. RGMF LLC d/b/a "Braids Collection" and Roosevelt Gompe Miam***

90. Plaintiffs repeat and reallege the preceding paragraphs as if fully set forth herein.

91. Plaintiff Braids Connexion LLC had existing and prospective economic relationships with customers and potential customers seeking professional hair braiding and related salon services in Maryland and the surrounding DMV area.

92. Defendants knew of Plaintiff Braids Connexion LLC's customer relationships and prospective business opportunities and intentionally interfered with those relationships by using the confusingly similar Infringing Mark, operating in close proximity to Plaintiff's salon, and marketing Defendants' services in a manner likely to divert customers who intended to book services with Plaintiff.

93. Defendants' interference was wrongful and improper because it was accomplished through confusingly similar branding, alleged misrepresentations of affiliation, deceptive advertising, and intentional diversion of Plaintiff's customers and prospective customers.

94. As a direct and proximate result of Defendants' conduct, Plaintiff Braids Connexion LLC has suffered damages, including lost customers, lost revenue, lost business opportunities, loss of goodwill, and reputational harm.

**Count VII**

**Federal Trademark Dilution**
***Braids Connexion LLC, Vanessa Oloma, and Braids Collection, LLC v. RGMF LLC d/b/a "Braids Collection" and Roosevelt Gompe Miam***

95. Plaintiffs repeat and reallege the preceding paragraphs as if fully set forth herein.

96. Plaintiff Vanessa Oloma owns the braids connexion Mark, United States Service Mark Registration No. 8340964.

97. Through the continuous use, advertising, promotion, and publicity alleged above, the mark has acquired distinctiveness as a designation of source for hair braiding services.

98. Plaintiff has several locations throughout Maryland. [

99. Defendants use "Braids Collection" in commerce as a designation of source for their own hair braiding services without Plaintiffs' authorization.

100. As alleged above, Defendants adopted a similar name, used overlapping advertising channels, and represented that their salon was a new or relocated braids connexion location.

101. Defendant Roosevelt Gompe Miam personally directed and participated in the challenged conduct. The similarity between Defendants' designation and the braids connexion Mark, together with Defendants' representations of affiliation, creates an association between the designations that is likely to impair the distinctiveness of the braids connexion Mark by weakening its capacity to identify a single source.

102. The Defendants answer the business phone by claiming they are Braids Connexion.

103. The alleged representations to customers and the telephone conversation described above evidence actual association, and the alleged deliberate efforts to trade on Plaintiff's goodwill evidence an intent to create that association.

104. Defendants' conduct constitutes dilution by blurring under 15 U.S.C. § 1125(c), regardless of the presence or absence of actual or likely confusion, competition, or actual economic injury.

105. Defendants' continued conduct threatens irreparable harm to the distinctiveness and goodwill of the braids connexion Mark for which Plaintiff Vanessa Oloma has no adequate remedy at law.

106. Plaintiff seeks preliminary and permanent injunctive relief under 15 U.S.C. § 1125(c)(1) and (5).

107. Defendants' challenged use began in 2025, after October 6, 2006, and, as alleged above, was undertaken with the willful intent to trade on the recognition and goodwill of the braids connexion Mark.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against Defendants RGMF LLC d/b/a "Braids Collection" and Roosevelt Gompe Miam, jointly and severally where appropriate, and grant the following relief:

1. Declaring that Defendants have violated Section 32 of the Lanham Act, 15 U.S.C. § 1114, by infringing Plaintiff Vanessa Oloma's federally registered **braids connexion** service mark, and have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by engaging in false designation of origin, false association, and unfair competition against Plaintiffs.

2. Declaring that Defendants have violated Maryland common law by committing trademark infringement, unfair competition, tortious interference with contractual relations, and tortious interference with prospective economic relationships as alleged in the Complaint.

3. Granting preliminary and permanent injunctive relief enjoining Defendants, their officers, members, employees, agents, representatives, attorneys, successors, assigns, and all persons acting in active concert or participation with them who receive actual notice of the Court's order from:

a. using, advertising, marketing, promoting, offering for sale, or selling hair braiding or related salon services under the name or mark "Braids Collection," the Infringing Mark, or any mark, trade name, business name, domain name, social media handle, or other source identifier that is confusingly similar to Plaintiffs' **braids connexion** Mark or Plaintiff Braids Collection, LLC's business name;

b. engaging in any activity that infringes Plaintiffs' trademark, service mark, trade name, or business-name rights;

c. engaging in any activity constituting unfair competition with Plaintiffs, including falsely suggesting any affiliation, sponsorship, approval, authorization, or connection with Plaintiffs;

d. soliciting Plaintiff Braids Connexion LLC's braiders, employees, contractors, or service providers for the purpose of inducing them to breach, abandon, or interfere with any employment, contractor, or business arrangement with Plaintiff Braids Connexion LLC;

e. making, publishing, displaying, or distributing any statement, advertisement,

representation, or depiction that is likely to lead the public to believe that Defendants' hair braiding or salon services are approved, endorsed, sponsored, licensed, authorized by, affiliated with, or otherwise connected to Plaintiffs;

f. using any false description, false representation, false designation of origin, trade name, mark, words, symbols, images, posts, online listings, social media profiles, or public-forum advertisements that falsely associate Defendants' business or services with Plaintiffs or are likely to do so;

g. registering, applying to register, reserving, or using any trademark, service mark, trade name, business name, domain name, social media handle, or other source identifier consisting of or incorporating "Braids Collection," "Braids Connexion," or any confusingly similar variation thereof, except as authorized by Plaintiffs or order of this Court; and

h. aiding, assisting, inducing, or abetting any other person or entity in doing any act prohibited by subparagraphs (a) through (g).

4. Ordering Defendants to remove, delete, take down, or cease using all signage, advertisements, online listings, social media pages, public-forum postings, promotional materials, and other materials that use "Braids Collection," the Infringing Mark, or any confusingly similar designation in connection with Defendants' hair braiding or related salon services.

5. Ordering Defendants to deliver up for destruction or other disposition, or to remove from public display and access, all signs, advertisements, promotional materials, listings, profiles, pages, posts, business cards, and other materials bearing "Braids Collection," the Infringing Mark, or any other confusingly similar designation used in connection with Defendants' business.

6. Ordering Defendants to account for and pay to Plaintiffs all profits, gains, and advantages derived from Defendants' unlawful acts, including profits attributable to Defendants' use of the Infringing Mark and any false association with Plaintiffs.

7. Awarding Plaintiffs their actual damages, including lost profits, lost business opportunities, loss of goodwill, reputational harm, and other damages caused by Defendants' infringement, unfair competition, and tortious interference.

8. Awarding Plaintiff Vanessa Oloma, as appropriate, up to three times the amount of actual damages and/or Defendants' profits under 15 U.S.C. § 1117(a), together with any enhanced monetary relief the Court deems just.

9. Ordering Defendants to file with the Court and serve upon Plaintiffs' counsel, within thirty (30) days after service of any injunction, a written report under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

10. Ordering Defendants to abandon, cancel, withdraw, or otherwise relinquish any state or federal application, registration, reservation, trade name, business name, domain name, social media handle, or other source identifier consisting of or incorporating "Braids Collection," "Braids Connexion," or any confusingly similar variation thereof, to the extent such designation conflicts with Plaintiffs' rights.

11. Awarding Plaintiffs punitive and exemplary damages to the extent permitted by Maryland law for Defendants' willful, malicious, or wrongful conduct.

12. Declaring this an exceptional case under 15 U.S.C. § 1117(a) and awarding Plaintiffs their reasonable attorneys' fees and costs to the extent permitted by law.

13. Awarding Plaintiffs prejudgment and post-judgment interest on all monetary awards at the maximum rate permitted by law.

14. Awarding such other and further relief as the Court deems just, equitable, and proper.

**Dated November 24, 2026**

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully Submitted,

/s/Lucrecia P. Johnson
Lucrecia P. Johnson, Esq.
(MD Federal Bar No. 185333)
LPJ Legal PLLC
853 New Jersey Ave SE, Suite 200
Washington, DC 20003
lucrecia@lpjlegal.com
202-643-6211
*Counsel for the Plaintiff*